**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Noodles Development, LP, a Texas limited partnership,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DaNoonas, LLC, an Indiana limited liability company; and William McKay, an individual,<br><br>　　　　　Defendants. | No. CV-08-2083-PHX-DGC<br><br>**ORDER** |

　　　　Noodles Development, LP ("Noodles") is a Texas limited partnership with its principal place of business in Scottsdale, Arizona. Noodles is a franchisor of "Nothing But Noodles" restaurants. DaNoonas, LLC is an Indiana limited liability company formed by William McKay, a resident of Indiana. On June 25, 2003, Noodles and DaNoonas entered into a Master Development Agreement and a Franchise Agreement. Pursuant to those contracts, DaNoonas opened two Nothing But Noodles restaurants in Indiana: the 96th Street restaurant and the Indiana Avenue restaurant.

　　　　Noodles filed a complaint against DaNoonas and McKay on November 12, 2008. Dkt. #1. Noodles alleges that Defendants sold the Indiana Avenue Restaurant to Noodles' largest market competitor in direct contravention of the parties' agreements. *Id.* ¶ 22. The complaint asserts four claims: breach of contract, promissory estoppel, individual liability, and intentional interference with contract. *Id.* ¶¶ 23-53.

Defendants have filed a motion to dismiss. Dkt. #14. The motion has been fully briefed. Dkt. ##15, 18. For reasons that follow, the Court will grant the motion.[1]

**I.   Forum Selection Clause.**

Defendants argue that this Court is an improper venue based on the forum selection clause in the Franchise Agreement providing that Indiana is the exclusive forum for any dispute between the parties: "The federal and state courts located in the City of Indianapolis, State of Indiana shall have sole and exclusive venue and jurisdiction for all matters of every kind and nature concerning the parties hereto, this and all other agreements between the parties and all other matters." Dkt. #14-2 at 3. Defendants seek dismissal for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Dkt. #14 at 1; *see Kukje Hwajae Ins. Ltd. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005) ("A motion to enforce a forum-selection clause is treated as a motion pursuant to [Rule] 12(b)(3).") (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (1996)).

"A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)). In *Bremen*, the Supreme Court identified three circumstances where enforcement of a forum selection clause would be unreasonable: the clause was the product of fraud or overreaching, enforcement would deprive a party of his day in court, or enforcement would contravene a strong policy of the forum where the suit was brought. 407 U.S. at 12-18; *see Argueta*, 87 F.3d at 324-25; *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004).

Noodles does not attempt to establish any of these circumstances. Instead, Noodles contends that its claims arise solely from Defendants' sale of the Indiana Avenue restaurant and the franchise agreement relating to that restaurant provides that venue is appropriate in

---

[1] Defendants' request for oral argument is denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

Arizona. Dkt. #15 at 2. Defendants correctly note that the franchise agreement relied on by Noodles was never executed. Dkt. #18 at 2; *see* Dkt. #1-3 at 4-60. Noodles asserts that the agreement is nonetheless enforceable because the parties performed in accordance with the terms of agreement (Dkt. #15 at 2-3), but cites no evidence or legal authority in support of this assertion.

The Franchise Agreement entered into by the parties provides that Indiana courts shall be the "sole and exclusive venue" for all disputes between the parties. Dkt. #1-2 at 53. That provision is presumed valid. *See Doe 1*, 552 F.3d at 1083. Noodles has not carried its heavy burden of showing that enforcement of the provision would be unreasonable.

## II.   General Venue Statute.

Because the question of which franchise agreement applies in this case could be viewed as a question of fact that cannot be resolved at this preliminary stage of the litigation, the Court will address Defendants' alternative argument. Defendants contend that Noodles has not shown proper venue under 28 U.S.C. § 1391(a). Dkt. #14 at 1-2, 6-7. That statute provides that a civil action may be brought only in "a judicial district where any defendant resides, if all defendants reside in the same State, [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(a)(1)-(2). A review of the complaint makes clear that the District of Arizona is not the proper venue for this action. Defendants reside in Indiana (*see* Dkt. #1 ¶¶ 4-5), and the alleged breach of the Franchise Agreement and related tortious conduct occurred in Indiana (*id.* ¶¶ 7-11). This action therefore should have been filed in Indiana. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (complaint should have been filed in Alaska rather than Washington because all defendants resided in Alaska and "virtually all of the activity providing the basis of the complaint took place in Alaska").

Noodles asserts that venue is proper in Arizona because Defendants paid franchise royalties to Noodles in Arizona and negotiated the purchase of two Nothing But Noodles franchises. Dkt. #15 at 2. Noodles, however, has presented no evidence showing that Defendants conducted negotiations in Arizona.

Noodles further asserts that venue is proper because McKay was a member of the Nothing But Noodles Franchise Advisory Board and appeared at Board meetings in Arizona. *Id.* But even if this were true, those trips do not amount to a substantial part of the events giving rise to Noodles' claims.

Noodles has identified some connections to Arizona, but the Court finds them to be only marginally related to the claims in this case. "Events or omissions that might only have some tangential connection with, or no real relationship to, the claims in litigation are not sufficiently 'substantial' to support venue." *Kelly v. Qualitest Pharm., Inc.*, No. CIV-F-06-116 AWI LJO, 2006 WL 2536627, at *8 (E.D. Cal. Aug. 31, 2006) (citation omitted).

### III. Conclusion.

Noodles "bears the burden of showing that venue is proper in [this] district." *Kelly*, 2006 WL 2536627, at *7; *see Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Noodles has not shown that the forum selection clause designating Indiana as the exclusive venue is unenforceable, nor has Noodles shown that venue is proper in this district under 28 U.S.C. § 1391(a). The Court will dismiss this action for improper venue. *See* Fed. R. Civ. P. 12(b)(3).[2]

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Dkt. #14) is **granted**.

2. The Clerk is directed to **terminate** this action.

DATED this 22nd day of April, 2009.

_____
David G. Campbell
United States District Judge

---

[2] Given this ruling, the Court need not address the argument that the Court lacks personal jurisdiction over Defendants.